IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ESTATES AT KIRBY LIMITED, PARTNERSHIP, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:22-cv-270 |
| NOLA POBOYS TEXAS LLC, CHRISTOPHER TALLEY, JENNIFER TALLEY, and MURRAY TATE, | § § § § § | |
| Defendants | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants NOLA Poboys Texas, LLC, Christopher Talley and Jennifer Talley ("Defendants"), file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), removing to this Court from 408th District Court of Bexar County, Texas, Cause No. 2021-CI-23481, styled with the same Plaintiff and Defendants as shown in the style above.

### I. Back Ground Facts Supporting Basis for Removal

1. On November 9, 2021, Estates at Kirby Limited Partnership ("Plaintiff") filed "Plaintiff's Original Petition" (the "Original Petition") against Defendants and Murray Tate in Cause No. 2021-CI-23481, in the 408th District Court of Bexar County, Texas ("State Court Lawsuit").[1]

2. As correctly stated in paragraphs 4 through 6 of the Original Petition, the Talley Defendants are residents of New Orleans, Louisiana. Based on Plaintiff's Original Petition, Defendant Murray Tate is also a resident of New Orleans, Louisiana.

---

[1] The Original Petition is filed herewith as part of Exhibit A.

3.        Defendant NOLA PoBoys, LLC ("NOLA PoBoys") is a Limited Liability Company ("LLC") with Defendants Christopher and Jennifer Talley as its only two members. For purposes of diversity jurisdiction, citizenship of an LLC is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080–81 (5th Cir. 2008). Therefore, NOLA Poboys is a citizen of the state of Louisiana.

4.        Plaintiff is a Limited Partnership ("LP") organized under the laws of Texas. Plaintiff's principal office is located in Houston, Texas. For purposes of diversity jurisdiction, citizenship of a limited partnership is determined by the citizenship of its partners. *Harvey*, 542 F.3d at 1079. Plaintiff's general partner is Estates at Kirby Management, LLC, a Texas LLC ("Kirby Management LLC"). According to Kirby Management LLC's filings with the Texas Secretary of State, the only individual identified related to Kirby Management LLC is an individual director who is identified as the "governing person" and is domiciled in Texas.

5.        An investigation of Plaintiff's filings with the Texas Secretary of State, and an investigation of Kirby Management LLC's filings with the Texas Secretary of State, demonstrated that Plaintiff has a general partner or limited partner with residency or citizenship in the state of Texas.

6.        **Landlord Collection Action.**   Plaintiff's Original Petition, at ¶ 13, states "This is an action by a landlord to collect sums due under a lease agreement from the tenant and the tenant's guarantors."

7.        Plaintiff's Original Petition asserts it is seeking "judgment against Defendants over $250,000 but not more than $1,000,000." *See* Plaintiff's Original Petition, at ¶ 35. Accordingly, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8. This Notice of Removal is being filed with this Court within 30 days after Defendants Christopher and Jennifer Talley were served. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B). Defendant NOLA PoBoys consents to removal pursuant to 28 U.S.C. § 1446(b)(2)(C).

9. Copies of all process, pleadings, forms, and all other papers on file in the State Court Lawsuit are attached hereto and listed on Exhibit A filed herewith, in accordance with 28 U.S.C. § 1446(a).

## II.     Basis For Removal — Diversity Jurisdiction

10. 28 U.S.C. § 1441(a) provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a)(1) provides that a United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (2) citizens of a State and citizens or subjects of a foreign state…."

11. This case is removable to this Court pursuant to 28 U.S.C. § 1332 on the grounds of diversity of citizenship of the parties because:

   a. Plaintiff is an LP with no partner that is a citizen of Louisiana. *See* paragraphs 4 and 5 above.

   b. Defendants are all citizens of the state of Louisiana as demonstrated above at paragraphs 2 and 3.

12. Additionally, this case satisfies the amount in controversy requirement of 28 U.S.C. § 1332 as demonstrated at paragraphs 6 and 7 above.

13. Therefore, because this civil action is between a Plaintiff who is not a citizen of Louisiana, on the one side, and Defendants who are all citizens of Louisiana, on the other side, and the amount in controversy, exclusive of interest and costs, exceeds $75,000, removal to this Court is proper. *See* 28 U.S.C. § 1332(a)(1) and § 1441(a).

14. Venue is proper in this Court, as it is the district and division embracing the place in which the State Court Action was originally filed.[2]

15. This civil action is subject to removal under 28 U.S.C. § 1441, as the Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This Court is appropriate for removal under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because (1) complete diversity exists between the Plaintiff and all Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. Notice To State Court

16. Promptly after the filing of this Notice of Removal, Defendants will provide notice of the removal to the Plaintiff in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

17. WHEREFORE, Defendants remove this case to this federal court based on diversity jurisdiction, and respectfully pray that this Court proceed with this action as if it had originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal to the United States District Court for the Western District of Texas, San Antonio Division.

Signed and Filed on March 18, 2022.

---

[2] The Defendants have filed a motion to transfer venue in the state court prior to removal. Plaintiff recognizes that venue is mandatory in Harris County in Plaintiff's Original Petition. *See* Plaintiff's Original Petition, at ¶ 9. The Defendants will be seeking to transfer this proceeding to the Southern District of Houston in accordance with 28 U.S.C. § 1404.

        Respectfully submitted,

        **JACKSON WALKER L.L.P.**

By:   */s/ Amanda N. Crouch*
        Amanda N. Crouch
        State Bar No. 24077401
        Josue J. Galvan
        State Bar No. 24101784
        112 E. Pecan, Suite 2400
        San Antonio, TX  78205
        Telephone:  (210) 978-7700
        Facsimile:  (210) 978-7790 fax
        acrouch@jw.com
        jgalvan@jw.com

**ATTORNEYS FOR DEFENDANTS NOLA POBOYS, LLC & CHRISTOPHER AND JENNIFER TALLEY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' Notice of Removal was served on the 18th day of March, 2022, by the Court E-filing system on Plaintiff's attorneys of record as shown below:

| | |
|---|---|
| Robert D. Brown | Via Email: robert@rbrownlawfirm.com |
| Joel L. Barber | Via Email: joel@brownlawfirm.com |
| Brown Law Firm | |
| 70 NE Loop 410, Suite 306 | |
| San Antonio, Texas  78216 | |

*/s/ Amanda N. Crouch*
Amanda N. Crouch